UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA

                                  94 Cr. 888 (RPP)

                 - against -                     **OPINION AND ORDER**

DENNIS MARK ANDERSON,

                           Defendant.
----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

     Petitioner, Dennis Mark Anderson, moves Pro Se for a modification of his criminal history and sentence, pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline ("U.S.S.G.") Amendment 709.  The government, by letter dated October 7, 2008, opposes any modification.

     Petitioner was sentenced on October 29, 1996 to 210 months of imprisonment and three years of supervised release after being convicted of conspiracy to possess, with intent to distribute, heroin, in violation of 71 U.S.C. §§ 812, 841(a)(1), 841(b)(1(C), 846.  The Petitioner's total offense level was 32, his criminal history was VI, and his guideline range was 210-262 months.  Since Petitioner was convicted of both possession with intent to distribute heroin and conspiracy to distribute heroin, he does not benefit from the recent amendment to the U.S.S.G., which applies to persons who have been convicted of a crack violation.

     To the extent the Petition is based on the Court's calculation of Petitioner's prior criminal history because of Amendment 709 to the U.S.S.G. effective November 1, 2007, he has failed to show that the Court's sentence or the Presentence Report ("PSR") dated August 20, 1996 should be changed because of Amendment 709.  U.S.S.G. § 4A1.2(a)(2), as amended by Amendment 709, states, "Prior sentences always are counted separately if the sentences were imposed for

offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." (Supplement to Appendix C – Amendments to the Guidelines Manual, Nov. 1, 2008.) Petitioner's criminal history reflected in the PSR states that Petitioner was arrested for aggravated assault on a Mr. Smith on October 9, 1985 (the first offense), and arrested on August 31, 1986 for aggravated assault on a police officer (second offense), and was sentenced for both crimes on January 16, 1987. PSR ¶¶ 33-40. Petitioner has failed to show that he was not arrested for the assault on Mr. Smith on October 9, 1985, prior to his commission of assault on a police officer described in paragraphs 37 and 40 of the PSR. Similarly, he has failed to show that his arrest on April 8, 1991 for possession of cocaine (PSR ¶¶ 47-48) was subsequent to his arrest on April 14, 1991 for possession of cocaine (PSR ¶¶ 50-52). He was sentenced to three years for both 1991 crimes and a violation of probation on January 24, 1992.

Accordingly, the Petition is denied.

IT IS SO ORDERED.

Dated: New York, New York
December  7 , 2008

Robert P. Patterson, Jr.
U.S.D.J.

Copy of this Opinion and Order sent to:

*Petitioner Pro Se*

Dennis Mark Anderson
Regis. No. 28572-054
Federal Corrrectional Institution
P.O. Box 2000 (East)
Fort Dix, NJ 08640

2

***For the Government***

Lev L. Dassin, Acting U.S. Attorney
Southern District of New York
ATTN:  Daniel S. Goldman, A.U.S.A.
One St. Andrew's Plaza
New York, NY 10007
email:  daniel.goldman@usdoj.gov